## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MSIG MINGTAI INSURANCE COMPANY, LTD. | : | Civil Action No: _____ |
| | : | |
| Plaintiff, | : | COMPLAINT |
| | : | |
| v. | : | |
| | : | |
| BRIGHTEN FREIGHT, INC. | : | |
| | : | |
| -and- | : | |
| | : | |
| KARGO TRANSPORTATION, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff, MSIG Mingtai Insurance Company, Ltd. -- as subrogee of Micro-Star International Co., Ltd. -- by and through its undersigned attorneys, as and for its Complaint, herein alleges as follows:

## PARTIES

1.      Plaintiff, MSIG Mingtai Insurance Company, Ltd. ("MSIG"), is a corporation duly organized and existing under the laws of Taiwan with a principal place of business located at No. 1, Ren Ai Road Section 4, Daan Dist., Taipei City, 106 Taiwan.

2.      Upon information and belief, Defendant Brighten Freight, Inc. ("Brighten") is a corporation organized and existing under the laws of California with a principal place of business located at 13635 Cimarron Avenue, Gardena, California, 90249.

3.      At all times relevant hereto, Brighten was engaged in the business of, among other things, arranging goods for international shipment as an Ocean Transport Intermediary and/or Non-Vessel Operating Common Carrier.

-2-

4.      Upon information and belief, Defendant Kargo Transportation, Inc. ("Kargo") is a corporation organized and existing under the laws of California with a principal place of business located at 2930 Vail Avenue, City of Commerce, California, 90040.

5.      At all times relevant hereto, Kargo was engaged in the business of, among other things, overland transportation of cargo as a common carrier.

## JURISDICTION AND VENUE

6.      There is complete diversity of citizenship between Plaintiff and Defendants.

7.      The amount in controversy exceeds, exclusive of costs and interest, $75,000, as required by 28 U.S.C. § 1332.

8.      Jurisdiction is vested with this Court under 28 U.S.C. § 1332.

9.      Pursuant to 28 U.S.C. § 1391, venue is proper within the United States District Court for the Central District of California because it is the judicial district where the Defendants reside and a substantial part of the events giving rise to Plaintiff's claim occurred.

## FACTS

10.      At all times relevant hereto, Plaintiff insured certain cargo of Micro-Star International Co., Ltd. ("Micro-Star") under Policy No. 08110-OP101 (the "Policy").

11.      Micro-Star contracted with Brighten for transportation of 1,829 cartons of computer parts (the "Cargo") from Yantian, China, to MSI Computer Corp. (USA) at 425 South Lemon Avenue, City of Industry, California, 91789.

12.      Reflecting this agreement, Brighten issued Bill of Lading No. JB210327.  A true and correct copy of this bill of lading is attached hereto as Exhibit A.

13.      The Cargo was divided among three containers bearing identification numbers EGHU9233069, TXGU5746557, and TXGU5746541 (the "Containers").

14.     On or about June 21, 2021, the Cargo was delivered in good order and condition and loaded aboard the subject vessel for ocean transport from Yantian, China, to Los Angeles, California.

15.     The Cargo arrived at the Port of Los Angeles and was discharged from the vessel without incident on or about July 25, 2021.

16.     On information and belief, Brighten arranged for/contracted with Defendant Kargo to transport the Cargo by truck from the Port of Los Angeles to the final destination in City of Industry.

17.     On or about July 28, 2021, Kargo picked up the Cargo (still in the Containers) and brought it to Kargo's yard located at 2930 Vail Avenue, City of Commerce, California, 90040, for storage overnight before delivery to the final destination in City of Industry, California.

18.     However, on July 29, 2021, it was discovered that one of the Containers (Container No. TXGU5746541, hereafter the "Stolen Container") had been stolen during the night by unknown actors.

19.     Security footage showed that the yard gate was unlocked, and the thieves simply slid the gate open, drove a truck into the yard, hitched up the Stolen Container, and drove away.

20.     While police eventually located the Stolen Container, all of the cargo inside, consisting of 665 cartons of various computer parts (the "Stolen Cargo"), was gone.  To date, none of these stolen parts has been recovered.

21.     As a result of the theft, Micro-Star submitted a claim to Plaintiff under the Policy.

22.     Pursuant to the terms and conditions of the Policy, Plaintiff paid $580,976.00 to compensate Micro-Star for the theft of the Stolen Cargo.  A true and correct copy of the subrogation receipt issued to Plaintiff acknowledging said payment is attached hereto as Exhibit

29173680v.1

B.

23.     By virtue of the payments made to Micro-Star in accordance with the terms and conditions of the Policy, Plaintiff is now subrogated to the rights of Micro-Star against the party(ies) liable for the loss.

## COUNT I – CAL. CIVIL CODE §2194

### Plaintiff v. Defendant Kargo

24.     Plaintiff incorporates the allegations contained in paragraphs 1 through 23 as if set forth fully herein.

25.     With respect to the Stolen Cargo, Defendant Kargo was an inland common carrier of property within the meaning of the California Civil Code.

26.     Defendant Kargo accepted possession of the Stolen Cargo in good and marketable condition on or about July 28, 2021.

27.     At the time the Stolen Cargo was stolen from Kargo's yard, Kargo had not relieved itself from liability pursuant to Cal. Civil Code §§ 2118-2222, nor was the loss the result of any of the exceptions from liability listed in Cal. Civil Code §2194 (i.e., inherent defect or vice of the cargo, an act of a public enemy, an act of law, or an irresistible superhuman cause).

28.     As a direct and proximate result of the theft of the Stolen Cargo, Micro-Star sustained damage to its property and submitted a claim, which Plaintiff paid in the total amount of $580,976.00.

WHEREFORE, Plaintiff demands judgment against Kargo for damages in the amount of $580,976.00 together with interest, attorney's fees, costs of suit, and such other relief the court may deem appropriate.

29173680v.1

## COUNT II – NEGLIGENCE

### Plaintiff v. Defendant Kargo

29.     Plaintiff incorporates the allegations contained in paragraphs 1 through 28 as if set forth fully herein.

30.     Kargo owed a duty to Micro-Star to exercise reasonable care under the circumstances to transport the Stolen Cargo in a safe and non-negligent manner.

31.     The aforesaid loss of the Stolen Cargo was caused by the negligence of Kargo, its agents, servants and employees in:

        a.     failing to properly handle, store, and ensure the security of the Stolen Cargo;

        b.     failing to ensure the delivery of the Stolen Cargo in a timely manner;

        c.     failing to use proper care under the circumstances; and

        d.     other and further particulars which will be shown at the time of trial.

32.     As a direct and proximate result of the above negligent acts and/or omissions, Micro-Star sustained damage to its property and submitted a claim, which Plaintiff paid in the total amount of $580,976.00.

WHEREFORE, Plaintiff demands judgment against Kargo for damages in the amount of $580,976.00 together with interest, attorney's fees, costs of suit, and such other relief the court may deem appropriate.

## COUNT III – NEGLIGENCE

### Plaintiff v. Defendant Brighten

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 as if set forth fully herein.

29173680v.1

34.     The loss of the Stolen Cargo was the result of breaches by Brighten of the lawful terms and conditions of the Bill of Lading issued by Brighten.

35.     The aforesaid loss of the Stolen Cargo was caused by the negligence of Brighten, its agents, servants and employees in:

a.     failing to ensure that the carrier exercised due and proper care in the handling, storing, and security of the Stolen Cargo;

b.     failing to ensure the delivery of the Stolen Cargo in a timely manner;

c.     failing to use proper care under the circumstances; and

d.     other and further particulars which will be shown at the time of trial.

36.     As a direct and proximate result of the above negligent acts and/or omissions, Micro-Star sustained damage to its property and submitted a claim, which Plaintiff paid in the total amount of $580,976.00.

WHEREFORE, Plaintiff demands judgment against Brighten for damages in the amount of $580,976.00 together with interest, attorney's fees, costs of suit, and such other relief the court may deem appropriate.

**WHITE AND WILLIAMS LLP**

By: _____

N. Michael Abed, Esq.
1650 Market Street, Suite 1800
Philadelphia, PA, 19103
Phone: 215-864-6316
Fax: 215-399-9632
abedn@whiteandwilliams.com
*Attorneys for Plaintiff*

Dated: July 26, 2022

29173680v.1